UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TRAVIS WHITAKER            )
                           )
v.                         )        NO. 2:09-CV-251
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security  )

# **O R D E R**

This Social Security matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated January 17, 2011. In that Report and Recommendation, the Magistrate Judge recommends that the plaintiff's motion for summary judgment, [Doc. 8], be denied, and the defendant's motion for summary judgment, [Doc. 10], be granted. The plaintiff has filed objections to this recommendation, [Doc. 13]. After careful and *de novo* consideration of the record as a whole, including the Administrative Transcript, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, and with modifications as set forth below, it is hereby **ORDERED** that the plaintiff's objections are **OVERRULED**, that this Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 12], with modification, that plaintiff's motion for summary judgment, [Doc. 8], is **DENIED**, and that the defendant's motion for summary judgment, [Doc. 12], is **GRANTED**.

The plaintiff argues that the United States Magistrate Judge failed to properly address all of the plaintiff's arguments. While there are instances where the magistrate judge fails to refer to some arguments specifically, the analysis used thoroughly covers the plaintiff's arguments.

1

First, the plaintiff argues that the magistrate judge "failed to address the fact that the ALJ essentially ignored the opinions of Ms. Ramey and the state agency psychologists" in regard to plaintiff's alleged mental limitations. The magistrate judge states that "the ALJ relied heavily upon the consultative examination of Elizabeth A. Jones." He then sets forth the evidence from Ms. Jones' report and findings, which, in the magistrate judge's opinion, supports the ALJ's finding that the plaintiff does not have a severe mental impairment. Here, the ALJ did not ignore Ms. Ramey's and the state psychologists' opinion. Instead, as the magistrate judge stated, the ALJ relied on the more thorough and more recent opinion of Ms. Jones.

Second, the plaintiff argues that the magistrate judge's Report and Recommendation fails to address certain arguments involving the plaintiff's alleged physical limitations. As stated by the magistrate judge, according to the definition of sedentary work, the physicians of record essentially opined that the plaintiff could meet the requirements for performing such work. The plaintiff states that the magistrate judge failed to mention that Dr. Breeding's findings are not consistent with light work, but with sedentary. The ALJ limited the plaintiff to sedentary work. Thus, this argument is without merit. Also, the plaintiff complains that the ALJ did not take into consideration the non-examining state agency physician's specific limitations for sitting, climbing, pushing and pulling with the left lower extremity, etc. *See* [Doc. 13, Page 4]. A finding of sedentary work, however, is consistent with the physicians' opinions, and these limitations are necessarily included in the definition of sedentary work.

Finally, the plaintiff contends that the magistrate judge failed to mention "that an inability to sit for more than five hours in an eight-hour workday," as found by Dr. Henry, "is not consistent with the full range of sedentary work." Dr. Henry found that the plaintiff could sit for

2

five hours, stand for two hours, and walk for one hour within an eight-hour work day. These restrictions seem to place fewer limitations on plaintiff than what is generally accepted for sedentary work. *See* SSR 83-10 (stating sedentary work "generally" involves sitting for approximately 6 hours and standing or walking for "no more than about 2 hours"). Nevertheless, the other physicians of record clearly opine that he meets the sitting requirements for sedentary work. In sum, there is substantial evidence in the record as a whole to support the ALJ's decision.

For the reasons stated in the Report and Recommendation and for the additional reasons set out above, the Report and Recommendation is **ADOPTED** and **APPROVED**.

E N T E R:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
